```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                           :
VICTOR AHAIWE,                             :        24cv5550 (DLC)
                                           :
                    Petitioner,            :        20cr179-11 (DLC)
                                           :
          -v-                              :          MEMORANDUM
                                           :         OPINION AND
UNITED STATES OF AMERICA,                  :            ORDER
                                           :
                    Defendant.             :
                                           :
----------------------------------------- X
```

DENISE COTE, District Judge:

This Opinion addresses submissions Victor Ahaiwe has filed since July of 2025.  The requests for relief made in his filings are denied.  It also issues a filing injunction against Ahaiwe and explains the grounds for doing so.

## Background

Following his conviction at trial for fraud offenses, Ahaiwe was sentenced on February 11, 2022 principally to a term of 84 months' imprisonment.  The conviction was affirmed. United States v. Ahaiwe, No. 21-2491, 2023 WL 4196954 (2d Cir. June 27, 2023).

On February 23, 2024, Ahaiwe moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and for compassionate release.  Those motions were denied on July 15.

United States v. Ahaiwe, No. 20-cr-179-11, 2024 WL 3429499 (S.D.N.Y. July 15, 2024).

On January 23, 2025, Ahaiwe's petition for a writ of habeas corpus was denied.  Ahaiwe v. United States, No. 20-cr-179-11, 2025 WL 278476 (S.D.N.Y. Jan. 23, 2025).  Ahaiwe appealed that denial on February 10, 2025, and on December 18, 2025, the Court of Appeals dismissed the petition, finding that Ahaiwe had not made a substantial showing of the denial of a constitutional right.  Ahaiwe v. United States, No. 25-356, 2025 WL 4347511 (2d Cir. Dec. 18, 2025).

Meanwhile, an Order of July 25, 2025 addressed five submissions received from Ahaiwe since the denial of his habeas petition in January of 2025.  This Order addresses more recent submissions: requests docketed between November 25, 2025 and January 15, 2026; Ahaiwe's request on December 10, 2025 to the Clerk of Court to docket several motions; Ahaiwe's February 3, 2026 motion to reopen the time to file an appeal; Ahaiwe's February 9, 2026 motions for judicial recusal; and Ahaiwe's submissions received by the Clerk of Court on February 11, 2026 and thereafter.

## Discussion

I.   Filings between November 25 and January 15

2

In filings made between November 25, 2025 and January 15, 2026, Ahaiwe requests multiple forms of relief.  None of the requests has merit and each is denied.

In a November 25 filing, Ahaiwe moves to vacate the restitution order that was entered as part of the judgment of conviction on the ground that the Government is not a statutory victim under the Mandatory Victim Restitution Act.  This motion is premised on the mistaken belief that money collected pursuant to the restitution order will be used to collect money for the Government in its capacity as a victim of the defendant's fraud. The February 10, 2022 Restitution Order identifies eight victims entitled to restitution.  None of them is the Government; all are private individuals or entities.

In a December 8 filing, Ahaiwe argues that this Court's recusal is mandatory since he has named this Court as a party in this action, 20 Cr. 179.  Ahaiwe's creation of a caption under this criminal docket number does not create a civil action against any party.  Moreover, the issues about which Ahaiwe appears to complain arise out of this Court's management of the proceedings brought against Ahaiwe and do not constitute grounds for recusal.

In another December 8 filing, Ahaiwe complains that this Court has engaged in misconduct by failing to recuse itself

3

following his filing of a civil action against this judicial officer, two Assistant United States Attorneys, and 26 other court officials.  Ahaiwe filed the action on June 18, 2025; it is docketed as 25 Civ. 5171 and is assigned to the Chief Judge. The filing of a civil action naming a judge as a defendant does not require the judge to recuse herself from management of the criminal case pending against the litigant filing the civil action.  Any other rule would invite manipulation of court proceedings.  Should the civil action proceed to a finding or judgment adverse to the judicial officer named as a defendant, a litigant may make an appropriate application.

Ahaiwe appears to rely as well in the same December 8 filing on his filing of a judicial misconduct complaint with the Court of Appeals.  All litigants have the right to file complaints of judicial misconduct so long as they do so in good faith, but the filing of such a complaint does not require the Court to recuse itself.  Should the Circuit conclude that there is merit to any accusation made by a litigant, it will take appropriate action against the judicial officer.  At present, this Court is unaware of any ground that would require it to, or counsel in favor of, recusal in this action.  The next two filings relate to this same request for recusal and are also without merit.

In a December 30 filing, Ahaiwe moves to vacate his criminal judgment and all orders issued by this Court concerning him on the ground that this Court is disqualified by statute. Ahaiwe argues that mandatory judicial disqualification has occurred because he filed a civil rights complaint naming this Court as a defendant.  For the reasons already given, this application is denied.

In a filing of January 15, Ahaiwe seeks to consolidate three actions.  He seeks to consolidate his habeas petition, 24 Civ. 5550, with two civil lawsuits he has filed:  (1) one is the action he filed against this Court and others described above, 25 Civ. 5171, and (2) the other is the action he filed on December 5, 2025 against his criminal defense counsel, 25 Civ. 10133.  The application to consolidate is denied.  Pursuant to this district's assignment rules, Ahaiwe's habeas petition is related to his criminal case.  That criminal case and his petition for a writ of habeas corpus are not properly consolidated with the two civil lawsuits that Ahaiwe filed in 2025, both of which are currently assigned to the Chief Judge.

II.  December 10, 2025 Request

The Pro Se Office of this district received a request from Ahaiwe on December 10, 2025 to file motions which Ahaiwe represents had improperly not been docketed.  In making the

request, Ahaiwe appears to have presented multiple copies of the same documents.  The separate motions appear to be a November 29, 2025 motion requesting this Court's recusal; a November 29, 2025 motion to find that Ms. Onaodowan, his trial counsel, had committed fraud; a November 2, 2025 memorandum to void his conviction; and a November 29, 2025 motion to strike the appearance of Ms. Onaodowan.

Ahaiwe's December 10 submissions have been docketed.  In those submissions, Ahaiwe appears to make arguments in support of an application to vacate his conviction.  Those arguments had to be made directly to the Court of Appeals to the extent they relate to his 2024 petition for a writ of habeas corpus, the 2025 denial of the petition, and his appeal of that denial.  To the extent Ahaiwe presents new grounds to vacate his conviction, those arguments must be presented to the Court of Appeals as a second or successive petition.  Having reviewed his arguments, they appear to relate to his 2024 petition and will not be forwarded to the Court of Appeals as a second or successive petition.

Ahaiwe argues, among other things, that the Court has displayed bias against him in its rulings and requests that the Court recuse itself.  This Court declines to recuse itself from this action.  This Court's rulings have been based on the facts

presented through this litigation and the governing law.  This is not a ground for recusal.  To the extent Ahaiwe disagreed with those rulings, he had the right to appeal.

III. February 3, 2026 Request

In a request received on February 3, 2026, Ahaiwe asks that his time to file an appeal from the denial of his habeas petition be reopened.  This application is denied.  Ahaiwe filed a timely appeal from the denial of his petition and his appeal was denied in December.

IV.  Submissions on February 9, 2026

In two motions docketed on February 9, 2026, Ahaiwe again requests this Court's recusal.  Those motions are denied for the reasons already stated.

V.  Submissions on February 11, 2026 and Thereafter

Ahaiwe has sent a dozen or more separate submissions to the Court since February 11.  Some of these documents are copies of previously filed materials.  Some bear the caption of other courts.  Some appear to be material generated with the assistance of AI.  None of the materials appear to identify different grounds for challenging Ahaiwe's conviction than were presented in his habeas petition and denied by both this Court and the Court of Appeals.  Consequently, all post-February 11, 2026 requests are also denied.

VI.  Filing Injunction

When a litigant becomes an abusive filer, the Court has the "obligation to protect the public and the efficient administration of justice" by issuing a filing injunction.  <u>Lee v. Murdaugh</u>, 229 F.3d 121, 123 (2d Cir. 2000).  The Court may not do so, however, without "providing the litigant with notice and an opportunity to be heard."  <u>Id.</u> (citation omitted).  Accordingly, it is hereby

ORDERED that Ahaiwe shall make no further written submissions to this Court under docket numbers 20 Cr. 179 or 24 Civ. 5550, except as provided below.

IT IS FURTHER ORDERED that any objection to the filing restrictions imposed herein shall be filed by April 3, 2026.

IT IS FURTHER ORDERED that, should Ahaiwe have any other request for relief not already sought, he must first file a letter no longer than two (2) pages describing the relief he is seeking and the factual or legal basis for it, and explicitly requesting permission to file a formal motion.  Any such request for relief may not be AI-generated.

IT IS FURTHER ORDERED that the Clerk of Court shall return any submissions to Ahaiwe that do not meet these specifications or have not been expressly permitted by the Court.

IT IS FURTHER ORDERED that the Clerk of Court shall mail

Ahaiwe a copy of this Order and note mailing on the docket.


Dated:     New York, New York
           March 13, 2026


                                    _____
                                    DENISE COTE
                                    United States District Judge